9075

KIRVEN v. REGISTER, AS SHERIFF, *ET AL.*

(85 S. E. 61.)

APPEAL AND ERROR. FINDING OF FACT. REVIEW.

A finding of fact by a referee, that a landlord had waived so much of his rent lien, as necessary, to enable a merchant to realize payment for advances used in making a crop, concurred in by the Circuit Court, affirmed on appeal.

Before GARY, J., Darlington, December, 1913.    Affirmed.

Action by J. P. Kirven, plaintiff, against E. W. Register, as sheriff, and A. T. Baird, trustee. This case was heard on Circuit in connection with the special proceedings in *Baird* v. *Weatherford et al.,* No. 9074, *ante.* The matter was referred to Robert Macfarlan, Esq., Probate Judge, as special referee, who filed the following report:

"This action was brought by Kirven to recover from Register, sheriff, proceeds of eight bales of cotton which had been seized and sold by J. C. Blackwell, his predecessor in office, for $555.12. By petition, A. T. Baird, trustee, was made party defendant. Register, sheriff, answered, stating why he had not paid over funds in his hands, that he held same as sheriff and would pay them as the Court would direct. Baird, trustee, answered, denying that Kirven had any interest in the cotton seized, or in the proceeds thereof, and claiming that he as trustee was the owner of the cotton. The·testimony taken is herewith reported.

I find as matter of fact, that:

Baird, as trustee, leased certain lands to R. L. Weatherford for 1909 for 15 bales of cotton, evidenced by three liens of five bales each; that Weatherford with consent of Baird contracted with Charley Dudley to have Dudley make the crops on shares, one-half to Weatherford and one to Dudley. The half that Dudley was to get was in the proceeding under foreclosure of lien, held by the Court, and

therefore by me, to belong to Dudley. The half that Weatherford was to get, was to go to Baird, trustee, to extent of fifteen bales, subject only to such agreements or waivers in regard thereto as Baird, trustee, might have made.

From this preponderance of the evidence I find that Baird waived so much of his lien for rent as was necessary to pay for the fertilizers advanced by Kirven. That the amount of fertilizers advanced by Kirven pursuant to agreement with Baird, trustee, was $490.00.

That the eight .bales of cotton (or proceeds thereof) involved herein were from the half that Weatherford was to get.

, I therefore find that Kirven should be paid from the funds in the sheriff's hands the sum of $490.00, and the balance after payment of the costs of the proceedings herein should be paid to A. T. Baird, as trustee."

To this report A. T. Baird, trustee, took the following exceptions:

"A. T. Baird, trustee, one of the defendants in the above stated action, excepts to the report of Robert Macfarlan, Probate Judge for Darlington county, for reversible errors therein as follows:

1. That the action of the plaintiff is not maintainable at law.

2. That the only mode by which the said J. P. Kirven could prosecute or defend his rights, if any he had, was by giving notice to the sheriff as required by statute and filing his affidavit that the amount claimed by A. T. Baird, trustee, was not justly due in the special proceeding of warrant under lien and issue thereunder and being made a party in the adjudication of that issue, and not having done so, he is estopped and debarred from bringing a separate action in this Court, and in addition to this the record shows that said Kirven had notice of the pendency of said special pro-

ceeding as some of the cotton was taken from his possession and he consented to a private sale thereof.

3. The plaintiff, Kirven, is claiming the waiver of the landlord's written lien by parol, which is against public policy in South Carolina.

4. The plaintiff, Kirven, is claiming the assignment by parol of a real estate lease and has brought action to enforce such parol assignment or to obtain the fruits of such assignment, while no parol assignment of real estate lease is valid in this State and no action can be brought to maintain or enforce it or to charge any person upon such parol contract.

5. That Baird, trustee, 'consented' to the labor contract between R. L. Weatherford and Charley Dudley, whereas the report should have held that Baird, trustee, did not so consent and any consent on his part would have been an act of supererogation on his part, as Weatherford was not restricted by the terms of his contract with Baird, trustee, from subletting the premises and could have sublet to Dudley or any one else without Baird's consent.

6. That the report erroneously holds: 'The half that Dudley was to get was in the proceeding under forclosure of lien held by the Court, and therefore by me, to belong to Dudley,' whereas it should have held that the verdict of the jury and the judgment of the Court of Common Pleas, unappealed from and *hence final,* held that A. T. Baird, trustee, was entitled to 'one-half of twenty-six bales of cotton or the value in money,' and that nobody could receive any part of the proceeds of sale in the hands of the sheriff until plaintiff's judgment is first fully paid and that such judgment is *res adjudicata.*

7. The report holds: 'The half that Weatherford was to get was to go to Baird, trustee, to extent of fifteen bales, subject only to such agreements or waivers in regard thereto as Baird, trustee, might have made.' * * * 'I find that Baird waived so much of his lien for rent as was necessary to pay for the fertilizers advanced by Kirven,' amounting to

$490.00, which finding is in utter disregard of the verdict of the jury and the judgment of the Circuit Court, and the report should have found and held in accordance with said verdict and judgment and that the same was *res adjudicata.*

8. If 'the eight bales of cotton (or proceeds thereof) involved herein were from the half that Weatherford was to get,' as held by the report, then they should be applied to the judgment of A. T. Baird, trustee, v. R. L. Weatherford and Charley Dudley for 'one-half of twenty-six bales of cotton or the value in money,' which is *res adjudicata* as to the parties thereto and their privies, and said judgment is in evidence herein.

9. The finding of the report that Kirven should be paid $490 from the funds in the sheriff's hands and thereafter the cost of the proceedings is equally erroneous and in disregard of the verdict and judgment of the Circuit Court in evidence herein and which is *res adjudicata* in this matter and under which nobody can receive a cent from the funds in the sheriff's hands until the said judgment and costs of the recovery are first paid to A. T. Baird, trustee, plaintiff and judgment creditor.

10. The utmost that the report could hold, should all testimony for Baird, trustee, be disregarded, would be that Baird, trustee, was the landlord and Weatherford the tenant at a stipulated rent, and the duty of furnishing the fertilizers devolved on Weatherford, which duty he discharged by a completed contract with Kirven on or before the first day of his tenancy, to wit, January 1, 1909, and that Weatherford was the principal obligor to Kirven for the fertilizers (and says he gave Kirven a lien to secure the obligation) and that Baird was a verbal guarantor of the debt and which guaranty was void as to Baird as a *nudum pactum* and invalid as a verbal guaranty to pay the debt of another.

11. That it was error to admit in evidence Judge DeVore's charge to the jury.

12. That the testimony admitted and the testimony held inadmissible are not reported separately.

13. That the report does not state the facts and the conclusions of law separately."

The Circuit Court confirmed the report of the referee, and the defendant, Baird, appeals.

*Mr. Geo. W. Brown,* for appellant.

*Messrs. E. O. Woods* and *Geo. K. Dargan,* for respondents: *The statutory proceedings were not available to Kirven:* Civil Code, sec. 4166; 58 S. C. 98; 88 S. C. 428. *Consideration for waiver of landlord's lien.* See *Johnson* v. *Laurence,* 88 S. C. —. *Lien was waived to procure fertilizers to enable tenant to make crop from which rent could be paid:* 29 S. C. 9; 3 Strob. 207; 88 S. C. 415.

April 20, 1915.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

For the reasons stated in the report of the Probate Judge, which was confirmed in all respects by his Honor, the Circuit Judge, the judgment of the Circuit Court is affirmed.